[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On October 18, 2001, defendant-appellant Charles Marshall pleaded guilty to stealing products from his employer, United Diary Farmers, in violation of R.C. 2913.02(A)(1). On December 9, 2001, the trial court imposed a seven-month sentence and ordered Marshall to pay $1200 in restitution. In a single assignment of error, Marshall appeals the imposition of the sentence, asserting that it is contrary to law. We disagree.
Marshall first argues that the record does not support the trial court's findings made pursuant to R.C. 2929.13(B). Prior to imposing a prison term for theft, a fifth-degree felony, the trial court must first determine if any of the factors in R.C. 2929.13(B) are applicable. If so, it then must consider the seriousness and recidivism factors set forth in R.C. 2929.12, find that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, and conclude that the offender is not amenable to community control.[1]
Here, the trial court indicated on the felony-sentencing worksheet that the R.C. 2929.13(B)(1)(d) factor was applicable, i.e., that Marshall had previously served a prison term. This finding is supported in the record. The presentence-investigation report and the Court Clinic Forensic Services report indicated that Marshall had been sentenced to a two-year prison term for robbery, theft and a probation violation in Illinois, but had only served four months of that sentence. Accordingly, this finding is supported in the record.
Marshall next argues that the court erroneously imposed a greater than minimum prison term based on the finding that Marshall was in a "position of trust" as an employee. But the trial court did not indicate that a "position of trust" was a factor that made Marshall's offense more serious. Instead, the court found that Marshall's relationship with United Diary Farmers facilitated his crime, and that this made it a more serious offense. This finding is supported in the record. Marshall was an employee of UDF, which enabled him to gain access to the convenience store's storage room.
Last, Marshall argues that the trial court erroneously failed to consider the presentence-investigation and Court Clinic reports after it had ordered that they be completed. We disagree. The trial court had time to review the reports, as they were both dated as of December 7, 2001, two days before Marshall was sentenced. Furthermore, the record reveals that the court referred to the reports during the sentencing hearing. As we can find no error in Marshall's sentence, his assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Sundermann and Winkler, JJ.
[1] R.C. 2929.13(B)(2)(a).